U.S. COURTS
JAN 26 2010
Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

Melvin A. McCabe
16367 S.I.C.I. Main 2/4
P.O. Box 8509
Boise, Idaho 83707

Plaintiff / Pro se:

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELVIN A. McCABE,<br><br>    Plaintiff,<br><br>vs.<br><br>THE IDAHO STATE DEPARTMENT OF CORRECTIONS: THE ADA COUNTY SHERIFF'S OFFICE; THE BOARD OF ADA COUNTY COMMISSIONERS,<br><br>    Defendants | Case No. 10-0038-CV LMB<br><br>**CIVIL COMPLAINT UNDER THE AMERICANS WITH DISABILITIES ACT, and SECTION 504 OF THE REHABILITATION ACT OF 1973**<br><br>42 U.S.C. 12132 et. seq.<br>29 U.S.C. 794 |

## JURISDICTION

1.) Plaintiff brings this action pursuant to the American Disability Act, 42 U.S.C. 12132 et. seq. and the Rehabilitation Act of 1973, 29 U.S.C. 794.

2.) This Court has Jurisdiction over Federal Claims pursuant to 28 U.S.C. 1331, 1343. Any State Claims are properly heard under this Courts pendent Jurisdiction. 28 U.S.C. 1331, 1367.

3.) Waiver of Eleventh Amendment Immunity has been authorized by Congress pursuant to 42 U.S.C. 12202 and 42 U.S.C. 2000d-7(a)(1).

CIVIL COMPLAINT-1

## PARTIES TO ACTION

4.) Plaintiff, Melvin A. McCabe is a United States Citizen and a resident citizen of the state of Idaho. On October 21, 1991 Plaintiff was involved in a dynamite explosion that resulted in the amputation of his left leg, left hand, and right eye. Based on his physical impairments, plaintiff is a disabled person falling under the protections of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

5.) Defendant, The Idaho Department of Correction is an Executive Department of State Government, consisting of the Board of Corrections and the Commission for Pardons and Parole. Collectively, they control, direct, and manage the penitentiaries of the State, and pursuant to Idaho Code 20-241A have the authority to enter into agreements with any political subdivision of the State for the safekeeping, care, subsistence, proper government, discipline, and to provide programs for the reformation, rehabilitation, and treatment of prisoners.

6.) Defendant, The Ada County Sheriff's Office is an auxiliary arm of the County of Ada, a political subdivision of the State of Idaho. This defendant has the control, direction, and management of the Ada County Sheriff's Office Work Release Program.

7.) Defendant, The Board of Ada County Commissioners is the Lead Administrative Arm of the Ada County Sheriff's Office. It has the authority to enter into agreements with the Department of Corrections and is entrusted with supervisory powers over the County

CIVIL COMPLAINT-2

Sheriff and Deputies to ensure compliance with State and Federal Law.

## STATEMENT OF FACTS AND ALLEGATIONS

8.) The Department of Corrections—[1] has implemented a work release program that allows inmates private employment opportunity while finishing out the sentence imposed by the sentencing authority.

9.) As an addition to their independent program, the Department of Corrections entered into an agreement, authorized by State law, with the County of Ada, a political subdivision of the State of Idaho through the Ada County Sheriff's Office Work Release Program.

10.) The initial agreement commenced on October 1, 2008 and was to continue in full force and effect through September 30, 2009; It has renewable opportunity by mutual agreement for successive one-year terms, these terms were in operation at all times pertinent herein.

11.) The Ada County Sheriff's Office Work Release Program operates to provide secure housing for inmates who are permitted through screening and classification clearance the benefit of participation in a work release program. Qualified inmates are allowed employment opportunity after meeting pre-screening criteria and

---

_/1 The Department of Corrections is a recipient of Federal Funding and is subject to Federal laws and regulations, so too other defendants.

CIVIL COMPLAINT-3

classification requirements.

12.) Since July of 2009, Plaintiff has made numerous attempts through the named defendants, or their acting agents in concert, for admission to participate in the Ada County (Toppers) Work-release Program and IDOC's Work-release Program.

13.) All attempts to participate in either of the programs have been unneccessarily and unjustifiably forestalled, frustrated and/or denied behind fabricated precautions of mental-health illness and/or plaintiff's standing as a disabled inmate.

14.) The named defendant's implemented an arbitrary and capricious screening, placement, and classification system as a mechanism to shield, practice, and sanction state/county sponsored discrimination against disabled inmates and to filter-out, forestall and/or deny work-release opportunity to inmates with disabilities.

15.) Defendant, the Idaho State Department of Corrections and/or its acting agents in concert, have a cooperative agreement and/or understanding with local and private sector businesses at each Work-release location to supply inmate employee's when slots of employment become available. Employment selection and opportunity are reserved for inmates without disabilities.

### STATEMENT OF ADMINISTRATIVE EXHAUSTION

16.) Plaintiff has exhausted all required Administrative remedies available for the Idaho Department of Corrections and/or the Idaho State Board of Corrections. (see: attached Grievance Form) There is no Administrative Grievance procedure in place for Defendants the Ada County Sheriff's Office/the Board of Ada County Commissioners,

CIVIL COMPLAINT-4

when entry into the work-release program has been denied. (see: attached Seriff's Correspondence dated October 26, 2009)

FIRST CAUSE OF ACTION

17.) The named Defendants in fashioning work-release screening and placement mechanisms in arbitrary form to shield, discreetly practice, and sanction state discrimination against physically impaired inmates violated the American Disabilities Act, 42 U.S.C. 12132 et.seq and the Rehabilitation Act of 1973, 29 U.S.C. 794.

SECOND CAUSE OF ACTION

18.) The named Defendants in arbitrary form and with discriminatory intent excluded Plaintiff from the Ada County work-release program based on his physical disability violated the American Disability Act, 42 U.S.C. 12132 et. seq. and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794.

THIRD CAUSE OF ACTION

19.) The named Defendants in arbitrary form and with discriminatory intent excluded Plaintiff from participating in the work release program instituted and ran by them based on Plaintiff's disability violated the American Disabilty Act, 42 U.S.C. 12132 et. seq., and section 504 Of the Rehabilitation Act of 1973, 29 U.S.C. 794.

FOURTH CAUSE OF ACTION

20.) The named Defendants, respectively or collectively, in contriving false fabrications and misleading mental-health notes that

CIVIL COMPLAINT-5

worked to frustrate, stifle and/or deny Plaintiff the opportunity or ability to apply and <u>timely</u> benefit/participate in/from the work-release programs violated 28 C.F.R. 35.130(a); 28 C.F.R. 42.503(a); 42 U.S.C. 12132 et. seq.; 29 U.S.C. 794.

### FIFTH CAUSE OF ACTION

21.) The named Defendants, respectively or collectively, in frustrating and/or denying Plaintiff work-release opportunity because or behind his disability works to deny Plaintiff an ability or opportunity to acquire meaningful subsistence, and take advantage of the Federal Minimum Wage Act like other inmates, violated the American Disability Act and section 504 of the Rehabilitation Act of 1973.

### SIXTH CAUSE OF ACTION

22.) The named Defendants, respectively or collectively, in frustrating, stifling and/or denying Plaintiff the privilege of participating in a work-release program offered and given to inmates without disabilities, behind his disability, acts to discriminate and violate the provisions of the American Disability Act, 42 U.S.C. 12182(a); 42 U.S.C. 12182(b)(2)(A)(ii) and 29 U.S.C. 794; 42 U.S.C. 1981; 28 C.F.R. 35.130(a); 28 C.F.R. 42.503(a); etc.

### PRAYER FOR RELIEF

Based on the foregoing, Plaintiff respectfully prays for relief in the following manner:

a.) That the Court assume jurisdiction of the above and foregoing Complaint and apply the Liberal Pleadings Rule;

  b.) That this Court enter a Declaratory Judgement indicating that the acts and omissions of defendants, respectively or collectively, in frustrating, stifling, and/or denying Plaintiff work-release opportunity because of his disability violated the American Disability Act and/or the Rehabilitation Act of 1973;

  c.) That this Court enter a Declaratory Judgement indicating that the acts or omissions of defendants, respectively or collectively, in frustrating, stifling, and/or denying Plaintiff work-release because of his disability denied him the opportunity of benefiting and/or profiting under the Federal Minimum Wage Act;

  d.) That this Court enter its order awarding Plaintiff lost wages at a minimum wage scale guaranteed under the Federal Minimum Wage Act for Forty (40) hour weekly, for the entire time he was prevented from participating in the work-release programs instituted by both the Ada County Sheriff's Office/The Board of Ada County Commissioners and/or The Idaho Department of Corrections/Idaho Board of Corrections;

  e.) That this Court enter Punitive Damages in an amount not less then One Hundred Thousand Dollars ($100,000.00);

  f.) That the Court enter Compensatory Damages in an amount not less then Fifty Thousand Dollars ($50,000.00);

  g.) That the Court award Attorney fees and costs;

  h.) That the Court award such other and further relief as it deems just and proper.

DATED this 18 day of JANUARY, 2010.

                                                                 _____
                                                                 Melvin A. McCabe



# Idaho Department of Correction
## Grievance Form

SIC1/N
D1

| | | | |
|---|---|---|---|
| Offender Name: | MCCABE, MELVIN ARTHUR | Location: | ICC |
| Offender Number: | 16367 | Number: | IC 090000639 |
| | | Category: | MEDICAL |

### Offender Grievance Information

Date Received: 10/08/2009

The problem is:

I'VE BEEN ATTEMPTING TO PARTICIPATE IN A WORK-RELEASE PROGRAM FOR THE PAST 3 MONTHS- EVERY-TIME I TURN AROUND MY ATTEMPTS ARE FRUSTRATED BY ERRONEOUS MEDICAL INFORMATION INC. THIS NEED FIXIN

I have tried to solve this problem informally by:

SPOKE WITH COUNSELOR ACOSTA, CASE MANAGER CHANEY, CONCERNED MEDICAL

I suggest the following solution for the problem:

AUTHORIZATION TO PARTICIPATE AND DELETION OF ERRONEOUS INFO

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 10/08/2009 | Date Returned: | 10/08/2009 |
| Date Due Back: | 10/18/2009 | Level 1 Responder: | CARDONA, JOSEPH |

The response from the staff member or person in charge of the area/operation being grieved:

Grievance received and reviewed by this office per inmate claim of a medical hold being placed on him undeservingly.

Grievance: Denied. Per IDOC Medical and ICC Medical per CIS, there are no medical or transportation holds and his medical consideration is zero. Note: Inmate being a triple amputee who possibly has a limited sphere of occupational opportunities for him to engage in. Thus, it would be logical for ICC Education and Training along with occupational counseling to determine what opportunities, given this setting, could be afforded to Mr.. McCabe.

Joseph P. Cardona RN HSA

IC 090000639        MCCABE, MELVIN ARTHUR              16367

| Level 2 - Reviewing Authority Response | | | |
|---|---|---|---|
| Date Forwarded: | 10/08/2009 | Grievance Disposition: | DENIED |
| Date Due Back: | 10/22/2009 | Level 2 Responder: | PRADO, DANIEL |
| Date Returned: | 10/16/2009 | Response sent to offender: | 10/16/2009 |

Your grievence has been reviewed and I find:

Staff response is appropriate. There are no medical holds on the said offender. This grievance has been reviewed and denied.

Assistant Warden Prado  10-15-09

### Offender Appeal
Offender Comments:

Sir the response from medical on my grievance is in error: counselor Acosta showed me the denial on my work release application- Denied participation for mental health and or physcial / medical reasons.

| Level 3 - Appellate Authority Response | | | |
|---|---|---|---|
| Date Appealed: | 10/26/2009 | Grievance Disposition: | DENIED |
| Date Forwarded: | 10/26/2009 | Level 3 Responder: | VALDEZ, PHILLIP |
| Date Due Back: | 11/09/2009 | Response sent to offender: | 10/28/2009 |
| Date Returned: | 10/28/2009 | | |

Your appeal has been reviewed and I find:

Denied



# SHERIFF'S OFFICE
## ADA COUNTY

October 26, 2009

Mr. Melvin A. McCabe
#16367, J103B
I.C.C.
P.O. Box 70010
Boise, Idaho 83707

**RE: REQUEST FOR INFORMATION** – Contract between IDOC and ACSO that relates to
housing state inmates for work release purposes
- Grievance procedure for denial into work release program

Dear Mr. McCabe:

    We have received your request for information. Enclosed please find a copy of the contract requested. In accordance with Idaho Code §9-335(1)(c), portions of these documents containing personal information on individuals may have been blacked out, as production of this information would constitute an unwarranted invasion of personal privacy.

    In regard to your request for the administrative grievance procedure used in the work release program when entry into the program has been denied, no such documents are currently in place.

    The above information is provided in response to information supplied by you and may not represent a complete police record or positive identification. It does not include juvenile history or criminal acts outside of local agencies' jurisdictions. Additions or deletions to this file may be made at any time.

    Pursuant to the requirements of the Idaho Public Records Act, the legal advisor has reviewed this request for information and this response. If you have any questions, please contact me at (208) 577-3012.

Sincerely,
GARY RANEY, Sheriff

Megan DeGroat
Public Information

JM/md
PIR 91917

